PEDRO GARCÍA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, ANTONIO J. MATTA, JUDGE, Respondent.

No. C-64-45.    Decided October 30, 1964.

*Héctor M. Martínez Colón* for petitioner. *J. B. Fernández Badillo, Solicitor General, Rodolfo Cruz Contreras, Deputy Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The "Uniform Vehicle, Mount, Vessel and Plane Seizure Act"—No. 39 of June 4, 1960 (Sess. Laws, p. 66), as amended by Act No. 10 of September 1, 1961 (Sp. Sess. Laws, p. 348)—provides that whenever any vehicle, mount, vessel or plane is seized pursuant to the provisions of . . . Act No. 220 of May 15, 1948 (Sess. Laws, p. 738), the proceeding shall be begun by the seizure of the property by the Secretary of Justice, the Secretary of the Treasury, or the Police Superintendent. The officer under whose authority

the action is taken shall serve notice on the owner of the property seized or the person in charge thereof, or any person having any known right or interested therein, of the seizure and of the appraisal of the property so seized, "said notice to be served in an *authentic* manner within the ten (10) days following such seizure, *and such notice shall be understood to have been served upon the mailing thereof with return receipt requested.* The owners, persons in charge, and other persons having a known interest in the property so seized may challenge the confiscation within the fifteen (15) days following *the service of the notice on them,* through a complaint against the officer under whose authority the confiscation has been made." The Act provides that "The filing of such complaint within the period herein established shall be considered a jurisdictional prerequisite for the availing of the action herein authorized."

On June 12, 1963, the Secretary of Justice confiscated an automobile belonging to petitioner. On July 15, 1963, petitioner filed a complaint in the Ponce Part of the Superior Court challenging the confiscation. The Secretary of Justice raised the special defense of lack of jurisdiction, alleging that on June 21, 1963, he served notice of the confiscation on petitioner, and that the 15-day period had fully expired when the complaint was filed. The jurisdictional question was submitted to the trial court on the following stipulation of facts which it copies in its judgment:

"1.—The Secretary of Justice served notice of the confiscation of the vehicle involved in the complaint on Pedro García Rodríguez at his address in the ward of Felicia I, No. 19, of Santa Isabel, Puerto Rico, by registered mail with return receipt requested, having deposited such notice on June 21, 1963, in the post office of San Juan.

"2.—Although from the envelope containing the notice it appears that the same was received on June 22 in the post

office of Santa Isabel, it was not until July 1 that the registered letter was delivered to Pedro García Rodríguez."

The trial court refused jurisdiction.

■ The controversy before us turns on the interpretation of those statutory provisions. The Act provides that the complaint shall be filed within fifteen (15) days following *the service of the notice.* The Secretary of Justice maintains that that date is the moment when the notice was deposited in the mail. Petitioner maintains that it should be counted as of the moment the notice was delivered to him.

The confiscation of a vehicle, regardless of its justification for the protection of society, does not fail to be a deprivation of property by the public authority. The fact should be clothed with all those guarantees required by the due process of law. We believe that the statute by its text affords those guarantees. It provides that the notice, starting point for the prescriptive period, be in an "authentic" manner, that is, so that it may be valid at a trial, in a definite, evident, trustworthy, and irrefutable manner.[1] The lawmaker also provided that the notice shall be understood to have been served upon the mailing thereof with return receipt requested. Two elements are necessary for completion: the sending by mail and acknowledgment of receipt. We cannot agree that the deposit in the mail is sufficient in order that the notice be understood to have been served. If this were so, the return receipt requested would be entirely surplusage, and the lawmaker does not make useless things.

■ The parties having stipulated that as a matter of fact the notice deposited in the mail was delivered to petitioner on July 1, 1963, the return receipt was complied, that is, the second element necessary for completion was

---

[1] Sainz de Robles, *Diccionario Español de Sinónimos.*

present.[2] Another interpretation of the Act in the light of the facts of this case, besides being remote to its text, would not be consistent with the best tradition of petitioner's right to be heard and to be defeated at a trial before being deprived of his property, even though this be by way of punishment or as a result of the commission of an offense.

The judgment appealed from will be reversed, another rendered sustaining the jurisdiction of the trial court, and the record is remanded for further proceedings consistent herewith.

---

[2] Vox defines "to acknowledge," in its fourth meaning, as "to advise or notify [the receipt] of letters, communications, etc." "Acknowledgment," fourth meaning, act and effect "of receiving." "Acknowledgment"—Cabanellas, *Diccionario Ideológico*—act and effect of acknowledging receipt of an amount, of a thing or document. "To acknowledge"—in connection with letters, payments, documents, etc.—"to inform that it has been received."